JONES, JUDGE, DISSENTING:
Respectfully, I dissent. The majority's interpretation of KRS 439.265(2) is at odds with the unambiguous statutory language. The statute plainly states that a motion for shock probation must be "considered" within 60 days and ruled on 10 days thereafter. Instead of applying the statute as drafted, the majority has rewritten it entirely to give trial courts 70 days following the filing of a motion to enter a ruling. If the General Assembly intended this result, it could have simply said the trial court has 70 days from the filing of a motion for shock probation to rule on it. This is not what the statute says. It says a trial court shall consider a motion within 60 days and shall enter its ruling within 10 days after considering the motion. The majority's interpretation renders the first portion of the statute requiring consideration within 60 days meaningless. This violates one of the bedrock principles of statutory constructions: "statutes should be construed so that no part is meaningless or ineffectual." Commonwealth v. Andrews , 448 S.W.3d 773, 779 (Ky. 2014).
Here, the trial court's order granting shock probation states that the motion "came before" the court on April 20, 2018. The motion was clearly ripe as of this date as it had been filed, briefed, and argued by counsel. Following the hearing, the trial court did not take any further action such as requesting additional information, setting another hearing, or ordering supplemental briefing that would delay consideration. I believe the plain language of the order is clear that the trial court first considered the motion on the date of the hearing starting the 10-day clock for a ruling.
The majority characterizes the 60-day timeframe for considering the motion and the 10-day timeframe for entering the order as a mere "scheduling guideline." However, the statute uses the mandatory terminology of "shall[.]" I do not believe that the General Assembly would have separated out the consideration and rendition of an order and used the term "shall" before each if its intent was only to provide *472 the trial courts with a rough scheduling guideline.
If the statute needs to be modified because it is difficult to apply or results in some inherent unfairness, the General Assembly is the place for that to occur. We have one job. To apply the statute as written so long as it can be done. I see no obstacle to our doing so in this case. The trial court plainly considered the motion at the hearing but did not enter an order within 10 days of doing so. When the trial court did not rule on the motion within 10 days of the hearing, it lost jurisdiction.